*FOR PUBLICATION*

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION**

| | |
|---|---|
| MAUREEN V. WILLIAMS, <br>     Appellant, <br><br> v. <br><br> WALTER F. MACKAY, <br>     Appellee. | ) D.C.CIV.APP.NOS. 2002/0152 <br> )                                     2002/0154 <br> ) <br> ) S.C. Civ. No.   635/2000 <br> ) <br> ) <br> ) <br> ) <br> ) |

On Appeal from the Superior Court of the Virgin Islands

To Be Considered: April 11, 2008
Filed: July 27, 2009

Before: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **JAMES S. CARROLL III**, Judge of the Superior Court, sitting by designation.

**Appearances:**

**Rene D. Dowling, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellant.

**Yvette Ross-Edwards, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellee.

# MEMORANDUM OPINION

**Per Curiam.**

This matter arises out of an action for partition. Appellant, Maureen Williams, challenges the Superior Court's denial of her motion to dismiss and a Superior Court Order granting equitable ownership to Walter Mackay.[1]

## I. FACTUAL AND PROCEDURAL POSTURE

In 1996, just prior to being married, Walter Mackay ("Mackay" or "Appellee") and Barbara Williams purchased property[2] from Clemente Cintron ("Cintron") under an installment land contract, which provided for monthly payments of $467.59 over seven years for a total of $35,0000. The contract also provided that Mackay and Barbara Williams owned the property as joint tenants, with a right of survivorship. However, by separate contract dated April 28, 1998, Barbara Williams assigned her rights to the land contract to her sister, Maureen Viola Williams ("Williams" or "Appellant"). The property was later developed and used for commercial rentals.

On August 21, 2000, Mackay brought an action for partition

---

[1] Although Williams filed a notice of appeal of the trial court's order granting equitable ownership to Mackay, her contentions on appeal are predicated on the trial court's denial of her motion to dismiss and Mackay's purported failure to join the mortgagee as an indispensable party.

[2] The property is more fully described as Plot No. 32-C Estate Hannah's Rest, West End Quarter, consisting of .337 U.S. acres, as more fully shown on P.W.D. No. 4694 dated June 12, 1991 ("the property").

in the Superior Court claiming that Williams adversely affected his interests by failing to pay property taxes, interfering with tenants on the property and committing waste. He additionally argued that he had invested more than his share to the improvement and maintenance of the property.

On October 22, 2001, one day before the bench trial, Williams filed a motion to dismiss for lack of jurisdiction. At trial, the court found that: Mackay had paid for the building placed on the property for commercial rental;[3] that until 1999 Mackay had paid the property taxes; and "[had gone] as far as managing the [hair] salon for a period of time."[4] However, due to the jurisdictional issue raised by Williams' motion to dismiss, the trial court reserved its final ruling on the merits, pending resolution of the motion.

On September 5, 2002, the trial court entered its first order which denied Williams' motion to dismiss. (J.A. 42.) On September 24, 2002, the trial court issued its second order which determined that Mackay owned one hundred percent of the equitable interest in the subject property. (J.A. 47.) Williams filed timely notices of appeal on September 12 and 27, 2002

---

[3] (J.A. 61.)

[4] (*Id.*)

respectively.[5]

## II. JURISDICTION AND STANDARD OF REVIEW

This Court may review the judgments and orders of the Superior Court in civil cases. Revised Organic Act of 1954 § 23A, 48 U.S.C. § 1613a;[6] V.I. Code Ann. tit. 4, § 33 (2001).[7] We review *de novo* questions of law, jurisdiction, issues implicating rights protected under the U.S. Constitution, and the interpretation of statutes. *See Government v. Petersen*, 131 F. Supp. 2d 707, 709 (D.V.I. App. Div. 2001); *Peters v. Government of the Virgin Islands*, LEXIS 1287 (D.V.I. 2002); *Government of V.I. v. Albert*, 89 F.Supp.2d 658, 663 (D.V.I. App. Div. 2001).[8]

We also exercise plenary review over decisions concerning a motion to dismiss. *See Malia v. General Electric*, 23 F.3d 828, 830 (3d Cir. 1994). If, in this appeal, accepting all well pleaded allegations in the complaint as true, we find that Williams is not entitled to relief, we will affirm. *Broselow v.*

---

[5] Although Williams appeals both the September 5, 2002, denial of her Motion to Dismiss and the September 24, 2003, entry of judgment for Mackay, her appeal is wholly predicated on the issues raised in her motion to dismiss.

[6] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), reprinted in V.I. Code Ann. tit. 1, §§ 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. Code Ann. tit. 1).

[7] Appellant filed her notices of appeal on September 12 and 27, 2002.

[8] However, we afford the more deferential clear error review to factual determinations. *Id.*

Fisher, 319 F.3d 605, 607 (3d Cir. 2003).

## III. DISCUSSION

### A. Whether the Superior Court erred in determining that a mortgagor may bring an action for partition.

#### 1. Whether the parties held title to the property.

Williams argues that the Superior Court erred in denying her Fed R. Civ. P. 12 (b), motion to dismiss. Williams posits that where Cintron is the mortgagee, neither mortgagor "holds" legal title to the property. Thus, Williams contends, Mackay cannot properly assert an action for partition.[9]

However, although Cintron, the mortgagee, held legal title to the property, both Williams and Mackay, as mortgagors, held equitable title.[10] Pursuant to the laws governing mortgages, Cintron, as mortgagee, retained legal title as security for the

---

[9] "Hold", in the context of real property, means "to possess in virtue of lawful title." BLACK'S LAW DICTIONARY, at 658 (5th ed. 1979). However, as noted by the trial court, "hold" also encompasses possession of authority. Id.

[10] The Restatement provides that:

(a) A contact for deed is a contract for the purchase and sale of real estate under which the purchaser acquires the immediate right to possession of the real estate and the vendor defers delivery of the deed until a later time to secure all or part of the purchase price.

(b) A contract for deed creates a mortgage. RESTATEMENT (THIRD) of PROPERTY §§ § 3.4 (a),(b) (1996). Therefore, installment land contracts or purchase agreements are deemed equitable mortgages and governed by the law of mortgages. Id. at comment d; see also Andrews v. Nathaniel, 42 V.I. 34 (Super Ct. 2000).

full payment of the mortgage, while the mortgagors, Mackay and Williams held equitable title and the right to possession, as of the execution of the contract. *See* V.I. Code Ann. tit. 1, § 4; RESTATEMENT (THIRD) OF PROPERTY § 3.4, comment a.; *see also* 15 Richard R. Powell and Michael A. Wolf, Powell on Real Property § 85D.01 (2000); *see also* 59 C.J.S. Mortgages § 2 1988).

An equitable owner is defined as:

> One who is recognized in equity as the owner of the property, because the real beneficial use and title belong to him, although the bare legal title is vested in another . . . one has a present title in land which will ripen into legal ownership upon the performance of the conditions subsequent. There may therefore be two "owners" in respect to the same property, one the . . . legal owner, the other the beneficial or equitable owner.

BLACK'S LAW DICTIONARY, at 1996 (5TH ed. 1979).

> An equitable title holder holds a real property interest that he can transfer and . . . mortgage. As holder of the legal title, the mortgagor also owns a real property interest, but he holds the title simply as security for the payment of the contract debt and as trustee for the mortgagee.

Powell on Real Property § 85D.01 (2000).

In this matter, it is undisputed that Mackay and Barbara Williams were mortgagors by virtue of an installment contract for

the purchase of land.[11] Barbara Williams contractually assigned her rights to the Appellant and both parties were in possession of the property as tenants in common.[12] Hence, as purchasers/mortgagors under the installment land contract, Mackay and Barbara Williams were equitable title holders of the property as soon as the contract was signed.[13] *See id.* (also applying the doctrine of equitable conversion); *see also Clairton Corp. v. Chicago Title Ins. Co.*, 652 A.2d 916 (1995); *Kopanuk v. AVCP Regional Hous. Auth.*, 902 P.2d 813 (Alaska 1995); *Williams v. Dudley Trust Found.*, 675 A.2d 45 (D.C. Ct. App. 1996); *Shay v. Penrose*, N.E.2d 218 (1962); *Farmers State Bank v. Neese*, 665 N.E.2d 534 (1996); *Fellmer v. Gruber*, 261 N.W.2d 173 (Iowa 1978);

---

[11] The trial court found that Mackay developed the property for commercial rental and both parties exercised authority over the property to make improvements and collect monies made from the use of the improvements. The parties were also responsible for the payment of property taxes. (J.A. 59-68.)

[12] At common law, it has been recognized that the unities of time, title, interest and possession must all be present in order to create a joint tenancy. *In re Estate of Phillip*, 41 V.I. 37, 42 (V.I. Terr. Ct. 1999); *Foucher v. First Vermont Bank & Trust Co.*, 821 F. Supp. 916, 923 (D.Vt. 1993); *Herring*, 300 S.E.2d at 631; *Milliken v. First National Bank of Pittsfield*, 290 A.2d 889, 890 (Me. 1972); *Krause*, 277 N.W.2d at 245; *Carson v. Ellis*, 186 Kan. 112, 348 P.2d 807, 809 (Kan. 1960); 7 Richard R. Powell, Powell on Real Property, ch. 51-10 at P617[1]; 20 Am. Jur. 2d Cotenancy and Joint Ownership § 4 (2d ed. 1995). Barbara Williams' contractual assignment of her interest severed the unity of time. To remain joint tenants, the parties "must have one and the same interest accruing by one and the same conveyance commencing at the same time and held by one and the same undivided possession." *Carson*, 348 P.2d at 809.

[13] As equitable owners, Mackay and Williams had the right, as any other owner, to enjoy, transfer or encumber the property, subject to the provisions of the mortgage contract. *See* POWELL, at § 85D.01.

*Kallenbach v. Lake Publications, Inc.*, 30 Wis. 2d 647, 142 N.W.2d 212 (1966); *see also Harris v. Mason*, 120 Tenn. 668, 697 (Tenn. 1908)(holding that equitable title for property is one derived through a valid contract). Accordingly, we affirm the trial court's conclusion that Mackay "held" equitable title to the property.

### 2. Whether Virgin Islands law precludes Mackay as an equitable owner from asserting an action for partition.

In the alternative, Williams argues that pursuant to V.I. Code Ann. tit. 28, § 451, only a mortgagee, or legal title holder, may bring an action for partition. Thus, Williams argues, where Mackay, the equitable title holder, brought an action for partition, the trial court lacked subject matter jurisdiction.[14]

V.I. Code Ann. tit. 28, § 451, provides in pertinent part that:

> When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real property, any one or more of them may maintain an action of an equitable nature for the partition of such real property according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appears that a partition cannot be had without great prejudice to the owners.

---

[14] Specifically, Williams argues that to bring an action for partition, under Virgin Islands law, a party must "hold" property; and that "hold" as contemplated by V.I. Code Ann. tit. 28, § 451, does not encompass equitable possession or authority. (App. Br. 7.)

*Id.*

Despite Williams' interpretation, nothing in the language of V.I. Code Ann. tit. 28, § 451 suggests that the right to bring an action for partition excludes those who hold equitable title. In fact, a plain reading of the provision clearly reveals the absence of any distinction between those who hold legal and those who hold equitable title. Conversely, in no way does the provision limit partitions as a cause of action reserved only for those holding legal title to real property. Hence, we find no support in the Virgin Islands property code or in common law to support Williams' contention that Mackay, as a mortgagor, cannot bring an action for partition.

**B.   Whether the Superior Court erred in determining that the mortgagee is not an indispensable party.**

Williams' final challenge is premised on Mackay's alleged failure to join Cintron, the mortgagee, as an indispensable party, pursuant to Fed. R. Civ. P. 19(a).

When confronted with trial court decisions concerning dismissal of complaints for failure to join an indispensable party, we have a bifurcated process of review. *Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 Fed. Appx. 803, 805 (3d Cir. Del. 2003). Under Rule 19(b), we review the trial court's

decision whether to dismiss a case for failure to join an indispensable party for abuse of discretion. *Id.* at 805. However, a party cannot be "indispensible" under Rule 19(b) unless it is first found to be "necessary" under Rule 19(a). *Alpa S.A. Agroindustrial Alemano v. ACLI International Inc.*, 573 F. Supp. 1070, 1078 (S.D.N.Y. 1983). A prerequisite to finding that a party is necessary is that the absent party have an interest in the controversy. *R.C. Hedreen Co. v. Crow Tribal Housing Authority*, 521 F. Supp. 599, 609 (D.C.Mont.1981). To determine whether a party is interested turns on the particular facts of the case. *Id.* This determination is also a discretionary one. *Bosteve, Ltd. v. Marauszwki*, 110 F.R.D. 257, 259-260 (E.D.N.Y. 1986).

Under Rule 19(a), the trial court's determinations premised on conclusions of law are subject to plenary review. *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993). We, however, review any subsidiary findings of fact only for clear error. *Id.*

Federal Rule of Civil Procedure 19(a) requires that parties be joined in a single action if:

> in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that

>    disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(2002).

"Notwithstanding the enumerated factors in Rule 19(a), which a court must, of course, take into account, there is no definite method for determining whether a nonparty must be joined." *Yonofsky v. Wernick*, 362 F. Supp. 1005, 1022 (S.D.N.Y.1973). This determination must turn on the particular facts of each case.[15] *Freeman v. Marine Midland Bank-New York*, 419 F. Supp. 440, 451 (E.D.N.Y. 1976)(citing *Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture Machine Operators of the United States and Canada*, 525 F.2d 1354 (9th Cir. 1975)). The spirit of 19(a) is targeted at precluding actions from proceeding against parties that would result in "partial or

---

[15] Any determination must consider the overall policy considerations underlying the rule. *Freeman*, 419 F. Supp. at 451. Three basic objectives of the rule are "(1) avoidance of unnecessary or multiple litigation; (2) providing complete relief to the parties before the court; and (3) protection of the rights and interests of any absent parties." *Yonofsky v. Wernick*, supra, at 1023. Our sister Circuit has held that Rule 19 determinations ". . . involve[] a balancing of interests -- those of the parties and of the outsider, those of the public and of the court in seeing that the litigation is both effective and expeditious, . . . while taking into account 'equity and good conscience'." *Kamhi v. Cohen*, 512 F.2d 1051, 1054 (2d Cir. 1975).

hollow rather than complete relief to the parties before the court . . . or which would result in repeated lawsuits on the same subject matter." *See* Fed. R. Civ. P. 19, advisory committee notes to 1966 amendment (internal quotation marks omitted).[16]

Where as here, courts consider actions for partition, any party who will be bound by partition order should, therefore, be joined. *See* 7 POWELL § 50.05. A mortgagee must also be joined if a partition will threaten the value of its security interest in the property. *See* 7 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure, § 1621 (1994). Joinder is generally not required, however, if the mortgagee's property interests will be unaffected by the action or are adequately protected regardless of the outcome of the action.[17] *See, e.g., Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 260 (E.D.N.Y. 1986);

---

[16] A joinder defect is not, properly speaking, a jurisdictional one. *Washington v. United States*, 87 F.2d 421, 427 (9th Cir. 1936). As first observed by the Supreme Court, when speaking of a case where an indispensable party was not before the court, we do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity, whatever may be their structure as to jurisdiction; we put it on the ground that no court can adjudicate directly upon a person's right, without the party being either actually or constructively before the court." *Mallow v. Hinde*, 25 U.S. 193, 197-198(1827)(citations omitted); *State of California v. SouthernPac. Co.*, 157 U.S. 229, 250 (1894) (citations omitted); *Minnesota v. Northern Securities Co.*, 184 U.S. 199, 236 (1902). see also *Bogart v. Southern Pac. Co.*, 228 U.S. 137, 146 (1913) (citations omitted);

[17] *Gardner v. Allegheny County*, 114 A.2d 491 (E.D.Pa. 1955) ("On equity actions, a party is indispensable when his interest in the proceeding is of such nature that a final decree cannot be made therein without affecting his interest or leaving the controversy in such a conditions that a final determination may be wholly inconsistent with equity and good conscience.")

*see also Air-Exec, Inc. v. Two Jacks, Inc.*, 584 F.2d 942, 945 (10th Cir. 1978).

We must therefore determine, whether Cintron's interest in the property makes him a necessary party. In *Thompson v. Tualatin Hills Park & Rec.*, 496 F. Supp. 530 (D.Or.1980), aff'd, 701 F.2d 99 (9th Cir.1983), plaintiff sued defendant for an unconstitutional taking of property. The defendant argued that plaintiff failed to join the mortgagee of the property under Rule 19(a). *See id.* at 538. The court held that joinder of the mortgagee was not necessary because the mortgagee's interests were for specific amounts and; its interests would be unaffected by any judgment in the case. *Id.* The court concluded that,

> Complete relief can be accorded between plaintiff and defendant without the presence of the mortgagee . . . [its] absence will not impair [its] ability to protect [its] interests . . . nor will it create any difference in the obligations of the existing parties that may stem from this action that would not otherwise exist.

*Id.* at 538.

Here, as in *Thompson*, Cintron's interest as mortgagee are that the mortgage debt be paid and that the property not be destroyed. *See, e.g., id.; see also Bosteve Ltd.*, 110 F.R.D. at 260. Those interests are protected regardless of the outcome of the partition action. *Bosteve Ltd.*, 110 F.R.D. at 260 (holding that mortgagee's interest, in an action for a mortgaged yacht,

was unaffected by judgment where its interest was the specific amount of the loan). In this case, the parties' obligation under the promissory note and Cintron's security interest in the property will remain unaffected, regardless of the outcome of the partition action.[18] Accordingly, we conclude that Cintron, the mortgagee, is neither a necessary nor indispensable party as contemplated by Fed. R. Civ. P. 19(a).

## IV. CONCLUSION

For the reasons cited above, we affirm the Superior Court's holding that Mackay, a mortgagor may bring an action for partition. We also affirm the Superior Court's ruling that Cintron, the mortgagee, is not an indispensable party under Fed. R. Civ. P. 19(a). In so concluding, we affirm the Superior Court's denial of Williams' motion to dismiss.

---

[18] If the parties should elect to sell for example, those proceeds, if any, could be subject to the mortgagee's interest. *Bosteve Ltd.*, 110 F.R.D. at 259-260.